# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

JAMES M. MARTIN,         *

                       *

        Petitioner,      *

                       *

v.                       *     CASE NO. 4:06-CV-140 (CDL)

                       *        28 U.S.C. § 2254

DANNIE THOMPSON, Warden,  *

                       *

        Respondent.     *

## REPORT AND RECOMMENDATION

On July 17, 2001, Petitioner, who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, was found guilty in the Muscogee County Superior Court of felony murder (Count 2) and possession of a knife during the commission of a felony (Count 3). (R-14-2). Petitioner was sentenced to serve life in prison as to Count 2 and a consecutive five years in prison as to Count 3. *Id*. Thereafter, Petitioner filed a Motion for New Trial in the Muscogee County Superior Court, which was denied on August 2, 2002. Petitioner then filed a direct appeal of his conviction in the Georgia Court of Appeals, which was subsequently transferred to the Supreme Court of Georgia. *Id*. On October 20, 2003, the Supreme Court of Georgia affirmed Petitioner's convictions. *See, Martin v. The STATE*, 277 Ga. 227, 587 S.E.2d 650 (2003).

On September 10, 2004, Petitioner filed a state habeas petition in the Calhoun County Superior Court which was ultimately denied on December 12, 2005. Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court on October 2, 2006. On December 4, 2006, the Petitioner filed the current federal habeas

petition, pursuant to 28 U.S.C. § 2254.  On February 5, 2007, the Respondent filed his

Answer-Response.

## **Standard of Review**

_____As amended April 24, 1996,  by the Anti-terrorism and Effective Death Penalty Act

(AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>
> (A) the claim relies on –
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States

Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Claims

_____Petitioner's application for a federal writ of habeas corpus, which is currently before this court, cites several grounds for relief.  In Ground 1(1), Petitioner asserts that he received constructive denial of trial counsel and ineffective assistance of trial counsel because counsel allowed Petitioner to proceed to trial on a defective indictment and failed to challenge the indictment on missing "essential element" of the predicate offense.[1]  (R-9-1, p.2).  In Ground 1(2),  Petitioner asserts that trial counsel rendered ineffective assistance of counsel when he failed to challenge the trial court's instructions to the jury.[2]  *Id.*  In Ground 1(3), Petitioner asserts that trial counsel rendered ineffective assistance of counsel when he failed to subpoena Linda Hicks as a witness at trial.[3]  In Ground 1(4),  Petitioner asserts that trial counsel rendered ineffective assistance of counsel when he failed to challenge the constitutionality of Petitioner's conviction of felony murder in that an underlying felony was not charged.[4]  *Id.*  In Ground 1(5), Petitioner asserts that the trial court erred when it allowed improper hearsay testimony by a police officer.[5]  *Id.*

In Ground 2, Petitioner argues constructive denial of appellant counsel (Edwin

---

[1]  Petitioner lists this argument as Grounds 1(a) and 1(b).  (R-1-1, p.5).

[2]  Petitioner lists this argument as Ground 1(c).  (R-1-1, p.6).

[3]  Petitioner lists this argument as Ground 1(d).  (R-1-1, p.8).

[4]  Petitioner lists this argument as Ground 1(e).  (R-1-1, p.10).

[5]  Petitioner lists this argument as Ground 1(f).  (R-1-1, p.10).

Albright).[6]  Specifically, in Ground 2(1), Petitioner asserts that appellant counsel was ineffective in that he failed to raise the issue of ineffective assistance of trial counsel for failure to timely file special demurrer or general demurrer in the indictment to challenge defendant/appellant's illegal arrest.  (R-1-1, p.12).[7]  In Ground 2(2), Petitioner asserts that appellant counsel was ineffective in that he failed to establish prejudice stemming from Petitioner's preliminary hearing.  (R-1-1, p.13).[8]  In Ground 2(3), Petitioner asserts that appellant counsel rendered ineffective assistance of counsel when he failed to challenge Petitioner's imprisonment as a "gross miscarriage of justice," in that Petitioner's conviction for felony murder amounted to and operated as an acquittal and should negate count three. (R-1-1, p.14).[9]

In Ground 3, Petitioner asserts constructive denial of appellant counsel on direct appeal and ineffective assistance of counsel at habeas corpus hearing (William Mason).  (R-1-1, p.17).  Ground 3(1) asserts that appellate counsel rendered ineffective assistance of counsel by failing "to challenge the felony murder conviction that was immaterial" and a due process violation in that Appellant is being subjected to "cruel and unusual punishment of

---

[6]  Petitioner lists this argument as the second Ground 1(1), with subparts (a), (b) and (c). (R-1-1,p.12).

[7]  Petitioner lists this argument as Ground 1(1)(a).  (R-1-1,p.12).

[8]  Petitioner lists this argument as Ground 1(1)(b).  (R-1-1,p.13).

[9]  Petitioner lists this argument as Ground 1(1)(c).  (R-1-1,p.14).

life imprisonment."[10]  *Id*.  In Ground 3(2) Petitioner asserts that both appellant counsels (Albright and Mason) rendered ineffective assistance of counsel when they failed to challenge Petitioner's void conviction and sentence.  (R-1-1, p. 20).[11]

Then in his Brief in Support of his Petition for Habeas Corpus, Petitioner reiterates some of his prior grounds and raises additional grounds.  (R-1-1, p.28).  These grounds have been renumbered in an attempt at clarity.  Ground 4(1) asserts that appellant counsel denied Petitioner ineffective assistance of counsel because counsel failed to raise certain issues on appeal.  *Id*.  Ground 4(2) asserts that Petitioner was denied ineffective assistance of appellant counsel because "Appellant counsel failed to raise on appeal the issues of denial of assistance and/or ineffective assistance of trial and Motion for New Trial counsels" due to said counsels' failure to: (i) raise certain grounds; (ii) request a jury charge on prior difficulties between Petitioner and the victim; (iii) request a charge on mutual combat; (iv) file demurrers to Petitioner's indictment and raise the unconstitutionality of Georgia's felony murder statute; (v) raise the trial court's failure to instruct the jury as to the modified merger doctrine; (vi) raise the absence of malice in count 1 of the indictment "to be transferred to support" Petitioner's felony murder conviction; (vii) subpoena Linda Hicks as a witness; (viii) convey a negotiated plea recommendation from the state; (ix) raise the issue of "absence of murder" regarding Petitioner's conviction for possession of a knife during the

---

[10]  In the petition, this Ground is unenumerated, however, Petitioner did label this subpart as (a). (R-1-1,  p.17).

[11]  In the petition, this Ground is unenumerated, however, Petitioner did label this subpart as (b). (R-1-1,  p.20).

commission of a crime; (x) raise a Fourth Amendment violation regarding Petitioner's in-custody statements; (xi) object at the preliminary hearing to State's witnesses testimony regarding Howard Richardson's inculpatory statements; (xii) raise as error the jury charge on intent; (xiii) raise the issue of double jeopardy; (xiv) object to Petitioner's conviction on Count 3 as a mutually exclusive verdict or as a double jeopardy violation; (xv) object to the jury's verdict on felony murder since there was no malice to be transferred; (xvi) request a charge or object to the absence of jury instructions on "irrespective of malice" and "transferred malice." (R-1-1, p.28-31).

## I.     Procedurally Defaulted Claims

Respondent argues that Ground 1(1) was found to be procedurally defaulted by the state habeas court, and that the court should defer to that ruling and decline to review the issue on its merits. Respondent also avers that Grounds 1(2) - 1(5), Ground 2, Ground 3(1), Ground 4 (2) (i), (iii), (v), (vi), and (viii) - (xvi) as pled, present new claims, and that they are therefore procedurally defaulted.

The Eleventh Circuit Court of Appeals has held that "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. Denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1195); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and

it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied.

As to Grounds 1(2) - 1(5), Ground 2, Ground 3(1), Ground 4 (2) (i), (iii), (v), (vi), and (viii) - (xvi), the record reveals that Petitioner did not raise the claims alleged at any time prior to his federal habeas petition. The Eleventh Circuit, in ruling on this issue, held that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." See Ga.Code Ann. § 9-14-51. In this case there is no such indication, therefore, we conclude that a state habeas court would hold Chambers' claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition. It follows that those claims are procedurally barred from review in this federal habeas proceeding and exhausted.

*Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998).

Inasmuch as the Petitioner's claims of ineffective assistance of counsel are legally barred in the State court for not having been timely raised there, it is, by the foregoing federal authority, likewise barred from consideration in this court. Relevant to the issue of whether this court has the authority to review these issues, the Official Code of Georgia, in

Section 9-14-51, states that:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Furthermore, a federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478., 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must

show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508. A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 f.2d 1268, 1275 (11th Cir. 1990) (quoting *Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989)). *See McCoy v. Newsome,* 953 F.2d 1252 (1992).

After reviewing the record, it appears the issues raised in Grounds 1(2) - 1(5), Ground 2, Ground 3(1), Grounds 4 (2) (i), (iii), (v), (vi), and (viii) - (xvi) of his current federal habeas petition was never previously raised in any state court by the Petitioner. He failed to raise these issues in his direct appeal or even his state habeas petition, rendering them procedurally defaulted pursuant to the foregoing authority. Furthermore, Petitioner has failed to show legally adequate cause as to why he failed to raise the issues prior to filing this Petition. Petitioner's new allegations regarding ineffective assistance of counsel are procedurally defaulted as it was never raised in any Georgia court, and, therefore, Petitioner is not entitled to relief on Grounds 1(2) - 1(5), Ground 2, Ground 3(1), Ground 4 (2) (i), (iii),

(v), (vi), and (viii) - (xvi).

For the same reasons, Ground 1(1) of Petitioner's habeas application should also be denied. The record reveals that this claim was raised by Petitioner in his state habeas application filed in Calhoun County. The state habeas court ruled that the claims were procedurally defaulted as they were not raised post-trial and on direct appeal to the Georgia Court of Appeals. The same standard as noted above is applicable here.

The state habeas court correctly determined Petitioner's claim[12] was procedurally barred under O.C.G.A. §9-14-48(d) and *Black v. Hardin*, 255 Ga. 239, 336 S.E.2d 754 (1985), as Petitioner failed to raise the issue on direct appeal. As to both counts, Petitioner has failed to establish cause for his failure to timely raise the issues or that a miscarriage of justice occurred which would excuse the default on these claims. Thus, Ground 1(1) is procedurally barred and it is recommended that Petitioner is not entitled to relief on this ground.

## II. Assistance of Appellate Counsel

In the remaining grounds, Petitioner contends that he was afforded ineffective assistance of counsel by his appellate attorneys. Specifically, in Ground 3(2), Petitioner asserts that both appellant counsels (Albright and Mason) rendered ineffective assistance of counsel when they failed to challenge Petitioner's void conviction and sentence. (R-1-1, p. 20). Ground 4(1) asserts that appellant counsel denied Petitioner ineffective assistance of

---

[12] This claim was listed as Ground Nine in the State Habeas Court's final Order. (R-12, Exhibit 3).

counsel because counsel failed to raise certain issues on appeal. (R-1-1, p.28). Ground 4(2) asserts that Petitioner was denied ineffective assistance of appellant counsel because "Appellant counsel failed to raise on appeal the issues of denial of assistance and/or ineffective assistance of trial and Motion for New Trial counsels" due to said counsels' failure to: (ii) request a jury charge on prior difficulties between Petitioner and the victim; (iv) file demurrers to Petitioner's indictment and raise the unconstitutionality of Georgia's felony murder statute; and (vii) subpoena Linda Hicks as a witness. (R-1-1, p.28-30).

In analyzing Petitioner's ineffective assistance of appellate counsel claims as argued in his state habeas petition, the Calhoun County Superior Court utilized the standards set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Georgia Supreme Court in *Smith v. Frances*, 253 Ga. 782, 325 S.E.2d 362 (1985), and *Battles v. Chapman*, 269 Ga. 702, 506 S.E.2d 838 (1998). *Strickland* held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000).

Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987). Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington.*" *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the

constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel. The record reveals that the Calhoun County Superior Court found that Petitioner's claims of ineffective assistance of appellate counsel were without merit. (R-12, Exhibit 3). The state habeas court held:

> This Court has compared the strengths of the errors raised against the significance and obviousness of the alleged errors passed over and finds that Petitioner has failed to rebut the presumption of effective assistance of appellate counsel. This Court finds that the ignored issues were not clearly stronger than the errors presented . . . . This Court also finds that appellate counsel's decisions as to which issues to raise on appeal were reasonable tactical moves which any competent attorney in the same situation would have made. . . . Moreover, this Court finds that Petitioner has failed to make any showing of actual prejudice.

*Id*. Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland*. A review of that decision fails to show that Petitioner has established that the state habeas court unreasonably applied the *Strickland* test. Furthermore, the Petitioner's contentions fail to show that the state habeas court's findings were contrary to or involved

an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*.  Thus, it is recommended that Petitioner is not entitled to relief on his claims of ineffective assistance of counsel.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 10th day of July, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc